## Ex Parte Rieger.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No 110.—Resuelto en mayo 12, 1904.

DOMINIO—POSESIÓN PARA ADQUIRIRLO—TÍTULO—PRESCRIPCIÓN.—La posesión del promovente por un período de tres meses no es suficiente para adquirir por prescripción el dominio de los inmuebles, y aunque puede agregar a su tiempo de posesión, el de su causante, es necesario acreditar el título con que éste poseyera, a fin de que el tribunal pueda apreciar si es o nó bastante para la adquisición del dominio.

ID.—PRUEBAS.—En los expedientes de dominio los testigos deben expresar la verdadera edad que tengan, y no limitarse a manifestar que son mayores de edad, pues esto es un defecto capital en esta clase de pruebas, cuando se trata de acreditar hechos ocurridos en épocas muy remotas.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan, a instancia de Mr. Joseph Rieger, sobre declaratoria de dominio de una finca rústica, pendientes ante nos. a virtud del recurso de apelación interpuesto contra la sentencia dictada por el referido tribunal de distrito, la que copiada a la letra dice así:

"San Juan, Puerto Rico, 1 de septiembre de 1903.

"*Resultando*: que el Letrado Don Juan de Guzmán Benítez, en representación de Joseph Rieger, en 22 de abril del año corriente, acudió a este tribunal alegando que su representado compró a Manuel Andino, hacía el espacio de tres meses, una finca rústica en el barrio de Buena Vista, de Bayamón, compuesta de 28 cuerdas, 50 céntimos de otro terreno, equivalentes a 11 hectáreas, 20 áreas, 16 centiáreas, 40

centímetros cuadrados, colindante por el Norte con José Andino, por el Sur con Da. Patricia Arvélez, Da. Carmen Ayala y Da. Dorotea Marrero, por el Este con Jesús Marrero, Da. Carmen Ortega y Tiburcio Andino, a quien separa de la finca las aguas de una quebrada, y Da. Dorotea Andino; y por el Oeste con terrenos de Tiburcio Andino, a quien separa el camino real de Buena Vista; siendo su valor de $560, y careciendo, tanto él, como el vendedor, de (*) título de dominio, promovió este expediente con objecto de obtenerlo con arreglo al artículo 395 de la Ley Hipotecaria, con la información testifical, y pidiendo que con las citaciones legales y previos los demás requisitos de la ley, se declare el dominio de la finca referida a favor de su representado, y evacuado el traslado por el Ministerio Fiscal, se publicaron los edictos en el *Heraldo Español* y citados los colindantes y poseedor anterior, declararon tres testigos que son mayores de edad, sin expresar el número de años que tiene cada una, que Manuel Andino poseía la finca por más de 20 años quieta y pacíficamente, sin interrupción de nadie, pagando las contribuciones y que la parte promovente hubo la finca descrita por compra a Manuel Andino, hace el espacio de tres meses, añadiendo que el poseedor actual y su vendedor han poseído la finca de buena fe y con justo título.

"*Resultando*: que celebrada la comparecencia verbal que determina la ley, con citación del Sr. Fiscal, compareció el abogado representante del promovente, el que alegó lo que estimó conveniente a su derecho.

"*Considerando*: que la información testifical practicada no llena los requisitos de un criterio racional para justificar un dominio en derecho, pues la parte promovente no lleva tiempo de posesión bastante para justificar un título por prescripción, aun poseyendo la finca con título justo y no existe prueba del justo título del poseedor anterior y los testigos además de no declarar el número de años que tienen, punto esencial éste cuando se trata, como en el presente caso, de una posesión de más de 20 años, no han declarado la razón de su dicho.

"Se declara sin lugar la solicitud de dominio interesada. Así lo acordaron y firman los jueces del tribunal. Certifico: Frank H. Richmond, José Tous Soto, Otto Schoenrich. Luis Méndez Vaz.''

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos a esta Superioridad, con citación y emplazamiento de las

partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, a la que sólo asistió el Sr. Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogado del Pueblo: *Sr. Emilio del Toro, Fiscal.*(\*)

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que la información propuesta no ofrece méritos bastantes para dictar la declaratoria de dominio que se interesa, pues el promovente sólo acredita estar en posesión de los terrenos de que se trata, hace tres meses, que no es tiempo bastante para adquirir por prescripción el dominio de los bien inmuebles, y si bien los testigos presentados agregan que el causante del peticionario poseyó por más de 20 años, quieta y pacíficamente, y con justo título, no se determina éste para que el tribunal pueda apreciar si era bastante para la adquisición del dominio, ni los testigos dan razón de su dicho, ni expresan la verdadera edad, que tengan, sino que se limitan a decir que son mayores de edad, defecto muy capital en la prueba de testigos, cuando se trata de acreditar hechos pasados desde tan remota fecha.

*Vistos* el artículo 395 de la Ley Hipotecaria, y las demás disposiciones legales de aplicación al caso.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.